ROBERT H. and RITA E. PERVIER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Pervier v. Commissioner
Docket No. 8764-77.
United States Tax Court
T.C. Memo 1978-410; 1978 Tax Ct. Memo LEXIS 104; 37 T.C.M. (CCH) 1706; T.C.M. (RIA) 78410; October 12, 1978, Filed Rita E. Pervier, pro se. Michael L. Norlander, for the respondent. DAWSON
MEMORANDUM OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Charles R. Johnston, pursuant to the provisions of section 7456(a), Internal Revenue Code of 1954, as amended, and General Order No. 6 of this Court, 69 T.C. XV. [1] The Court agrees with and adopts the opinion of Special Trial Judge Charles R. Johnston which is set forth below. OPINION OF SPECIAL TRIAL JUDGE JOHNSTON, Special Trial Judge: Respondent determined a deficiency of $ 260.25 for *106 the taxable year 1975 in petitioners' Federal income tax and an excise tax deficiency of $ 60.00 under section 4973, Internal Revenue Code. The issues for decision are: (1) whether petitioners are entitled to deduct $ 1,000 as a contribution to an individual retirement account under section 219; (2) whether an excise tax under section 4973 in the amount of $ 60 should be imposed upon petitioners; and (3) whether petitioners are entitled to a deduction of an additional amount of $ 40 as a medical expense. The amount of the medical expense deduction depends upon the resolution of the first issue. The facts have been stipulated and are found accordingly. Petitioners, husband and wife, resided in Northboro, Massachusetts, at the time the petition herein was filed. They filed their joint Federal income tax return for 1975 with the Director of the Andover Service Center, Andover, Massachusetts. In 1975, petitioner, Robert H. Pervier (hereinafter sometimes referred to as the petitioner), was employed as a machinist by the 3 M Company (Company) in Northboro, Massachusetts. In September 1975, officials of the Company notified Robert that the Northboro plant *107 was to close and its operations transferred to Minnesota. Around June 1975, petitioner opened an individual retirement account at the Mechanics National Bank, Worcester, Massachusetts and contributed a total of $ 1,000 to that account during 1975. At that time petitioner was not a member of the Company's profit sharing plan and was ineligible to become a member in 1975. On December 31, 1975, as a result of a change in eligibility rules, Robert qualified for participation, and was enrolled in the Company's profit sharing plan.Robert did not want to move to Minnesota and terminated his employment on January 23, 1976. For the taxable year 1975 his accrued benefits under the plan amounted to $ 216.00 which amount was paid to him upon termination of his employment on January 23, 1976. Petitioners on their 1975 joint Federal income tax return claimed a deduction in the amount of $ 1,000 for a contribution to an individual retirement account.Respondent disallowed the claimed deduction and adjusted the deduction for medical expense because of the limitation set forth in section 213(a). Respondent also determined an excise tax on the excess contribution to the individual retirement *108 account under section 4973. Section 219(b)(2)(A)(i) provides that no deduction for contributions to an individual retirement account will be allowable to any individual for a taxable year if for any part of such year he was an active participant in a qualified pension plan, profit sharing plan or stock bonus plan. The report of the House of Representatives [2] makes clear that an employee is considered to be an active participant in a plan if, for the year in question, benefits accrued under the plan and the employer is obligated to contribute to the plan on the employee's behalf. There is no question but that benefits accrued to Robert under the plan in 1975 and that 3 M Company was obligated to contribute to the plan on his behalf. While attaining eligibility on the last day of the year creates the impression of a de minimis situation, we infer that the amount allocated to the petitioner's credit under the Company's profit sharing plan represents his share of the profits for the entire year 1975 and not for the one day on which he became a member. The statute is clear that participation for any part of a year in an employer's plan prevents the deduction for contributions *109 by the employee to his individual retirement account for that year. [3] The "plain obvious and rational meaning" of the statute cannot be sacrificed even for "the exigency of a hard case." Deputy v. du Pont,308 U.S. 488 (1940). It appears that petitioner met all the requirements of section 408(a) and validly created an I.R.A. in 1975. However, he was not entitled to deduct the contribution made to it in that year under section 219. Therefore, the entire contribution was in excess of the amount deductible for the year. The making of such excess contribution subjects petitioner to the excise tax of 6 percent of any excess contribution imposed by section 4973, and under section 408(d)(1) the excess contribution is generally taxable when distributed to the contributor. Orzechowski v. Commissioner,69 T.C. 750 (1978). *110 We hold respondent has not erred. In accordance with the foregoing, Decision will be entered for the respondent. Footnotes
1. Pursuant to General Order No. 6 dated March 8, 1978, the post-trial procedures set forth in Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable to this case.
2. H.R. Rep. No. 807, 93rd Cong., 2nd Sess. ↩
3. SEC. 219. RETIREMENT SAVINGS. * * *
(b) Limitations and Restrictions.-- * * *
(2) Covered by Certain Other Plans.-- No deduction is allowed under subsection (a) for an individual for the taxable year if for any part of such year--- (A) he was an active participant in-- (i) a [qualified profit sharing plan].↩